062112Nf

# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF IOWA
### EASTERN DIVISION

|  |  |  |
|---|---|---|
| US BANK NATIONAL ASSOCIATION, As Trustee, as successor in interest to Bank of America, N.A. as Trustee for the Registered holders of GS Mortgage Securities Corporation II, Commercial Mortgage Pass-Through Certificates, Series 2007-GG10, | ) ) ) ) ) ) ) | No. C11cv2065 EJM |
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| v. | ) | ORDER |
|  | ) |  |
| MARK TAYLOR and JOHN WIGGANS, | ) |  |
|  | ) |  |
| Defendants. | ) |  |

This matter is before the court on defendants' resisted Motion to Dismiss, filed December 19, 2011. Briefing concluded January 10, 2012. Denied.

On May 25, 2012, the court entered an order dismissing this matter unless plaintiff filed a supplemental jurisdictional statement establishing subject matter jurisdiction by not later than June 11, 2012. Plaintiff complied on June 8, 2012.

Plaintiff, a national bank with its main office in Cincinnati, Ohio, brings this action against defendants, citizens of California, seeking damages for breach of contract. The matter in controversy exceeds $75,000. The court has jurisdiction pursuant to 28 USC §1332.

Plaintiff asserts that on April 20, 2007, a loan was made to nonparty borrowers, evidenced by a Promissory Note (Note) executed in the amount of

$4,100,000. Plaintiff further asserts that through assignments, it came to be the holder of the Note, and defendants Taylor and Wiggans came to be indemnitors of the loan through an agreement of Reaffirmation, Consent to Transfer and Substitution of Indemnitor (Reaffirmation Agreement) (docket #1-8). Plaintiff states that the borrower failed to pay required installments of principal and interest, the loan is in default, and the borrower filed a petition for relief under the US Bankruptcy Code, which in turn triggered defendants' duty to indemnify under the Reaffirmation Agreement. Plaintiff made a demand for payment from defendants upon the Reaffirmation Agreement, defendants have not paid amounts due under the loan, and plaintiff then filed this action for breach of contract, claiming a breach of the Reaffirmation Agreement.

Defendants seek dismissal pursuant to FRCP 12(b)(6), asserting that the Reaffirmation Agreement is not a valid contract under Iowa law. Specifically, defendants assert that the Reaffirmation Agreement is missing an effective date, which was left blank as the document is missing five of ten signatures, and that all signatures are expressly required prior to the document having an effective date. While the Reaffirmation Agreement bears the signatures of defendants, the defendants assert the missing signatures include those of the borrower, the original indemnitors and original principals, and the seller. Defendants assert that execution by all parties is a condition precedent to the formation of a valid contract, and in the absence of a valid contract, plaintiff's Complaint fails to state a claim upon which

relief can be granted.  Accordingly, defendants seek dismissal pursuant to FRCP 12(b)(6).

Plaintiff resists, asserting that FRCP 8 requires only a short and plain statement of the claim showing the pleader is entitled to relief, and that it is satisfied upon pleading factual content which allows the court to draw reasonable inferences that a defendant is liable for the claimed misconduct.  Plaintiff urges that the pleading requirements are satisfied by its pleading that a loan was made, repayment was guaranteed by the original nonparty indemnitors upon the borrower's bankruptcy filing, the borrower made a bankruptcy filing, and that defendants agreed to assume the original indemnitors' liability therefor.  Acknowledging defendants' contention that the Reaffirmation Agreement bears defendants' signatures but lacks other signatures, plaintiff urges that while mutual assent is required, an agreement's validity is not always dependent upon signatures, IC §622.32 requires only the signatures of the party to be charged for a contract that promises to pay for the debts of another, and that the Reaffirmation Agreement provides that it may be executed in multiple counterparts.  Accordingly, plaintiff urges that defendants raise, at most, a factual dispute that cannot be resolved on defendants' FRCP 12(b)(6) motion, in light of the appropriate standards for determination of a motion to dismiss,

In considering a motion to dismiss pursuant to FRCP 12(b)(6), a court must accept all facts alleged in the complaint to be true, and grant plaintiff the benefit of all reasonable inferences that can be drawn from the allegations.  Gomez v. Wells Fargo Bank, N.A., 676 F3d 655, 660 (8th Cir. 2012).  To withstand a motion to

dismiss, the complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. <u>Ashcroft v. Iqbal</u>, 556 US 662, 677-678 (2009). While mutual assent is required for a contract to be valid, signatures are not essential to the validity of a contract if mutual assent is otherwise shown. <u>Subcliff v. Brandt Engineered Products, Ltd.</u>, 459 FS2d 843, 852 (SD IA 2006), <u>citing</u> <u>Service Employees Int'l, Loc. No. 55 v. Cedar Rapids Comm. Schl. Dist.</u>, 222 NW 2d 403, 407 (Iowa 1974). Notwithstanding issues raised by defendants relating to the absence of certain signatures upon the Reaffirmation Agreement, the court is satisfied that the Reaffirmation Agreement does not unambiguously demonstrate agreement that it was not to be binding in the absence of *all* signatures. Following review in accordance with the appropriate standards, including the liberal standards of FRCP 8, the requirement that plaintiff's factual allegations be taken as true, and that all reasonable inferences arising from plaintiff's Complaint must be considered in the light most favorable to plaintiff, <u>see</u> <u>Braden v. Wal-Mart Stores, Inc.</u>, 588 F3d 585, 594 (8th Cir. 2009), it is the court's view that plaintiff has sufficiently stated a claim upon which relief may be granted.

Noting the commonality between 11cv2065 and 11cv2066, the parties thereto shall file briefs in both cases setting forth their positions as to whether these cases should be consolidated for any and/or all further purposes.

4

It is therefore

ORDERED

Denied.

By not later than Friday, July 13, 2012, the parties shall file briefs in

11cv2065 and 11cv2066 setting forth their positions on the matter of

consolidation in accordance herewith.

June 21, 2012.

Edward J.  McManus, Judge
UNITED STATES DISTRICT COURT